Argued and submitted December 30, 2021, affirmed February 16, petition for review denied June 23, 2022 (369 Or 856)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RUBEN COTAN,
aka Rueben Cotan,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR69822; A174032

506 P3d 1184

Defendant was charged with, among other things, two counts of identity theft. He assigns error to the denial of his motions for judgment of acquittal on those counts, arguing that there was insufficient evidence of his intent to deceive or defraud. *Held*: The evidence of defendant's intent was sufficient. Possession of more than one person's identification, more than one piece of identification from one person, and the types of identification possessed—a Social Security card with a legible number, a state-issued identification card, and a driver's license—as well as other circumstances, were enough to allow a factfinder to infer the intent to deceive or defraud. The trial court correctly denied the motions for judgment of acquittal.

Affirmed.

Leslie G. Bottomly, Judge.

Peter G. Klym, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Mark G. Seepe, Jr., Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant was charged with, among other things, two counts of identity theft (Counts 4 and 5). Those counts were tried to the court, which found defendant guilty on both counts. At sentencing, as relevant here, the guilty verdicts for Counts 4 and 5 were merged, with a conviction entered on Count 4. On appeal, defendant assigns error to the denial of his motions for judgment of acquittal (MJOA) on the identity theft counts.

Defendant encountered an officer while moving items from an RV with a broken ignition to a U-Haul truck with a bypassed ignition and a broken window. When the officer arrested defendant on charges related to the vehicles, he discovered in defendant's possession a Social Security card, state identification card, and Bi-Mart card, all with the name "Schubert"; a driver's license with the name "Pollard"; and a Visa debit card. Defendant said that he had found those items in the trash.

We review the denial of the motion for a judgment of acquittal to determine whether, viewing the facts in the light most favorable to the state, a rational factfinder could have found the elements of the crime beyond a reasonable doubt. *State v. Hodges*, 269 Or App 568, 572, 345 P3d 516, *rev den*, 357 Or 595 (2015). "A person commits the crime of identity theft if the person, with the intent to deceive or to defraud, obtains, possesses, transfers, creates, utters or converts to the person's own use the personal identification of another person." ORS 165.800(1). "In establishing [an] element, the state may rely on circumstantial evidence and reasonable inferences flowing from that evidence." *State v. Bivins*, 191 Or App 460, 466, 83 P3d 379 (2004). "[E]stablished facts may support multiple reasonable inferences and, if they do, which inference to draw is for the jury to decide." *Id.* at 467.

Defendant, relying on *State v. Martin*, 243 Or App 528, 534, 260 P3d 197 (2011), argues that he could not be convicted of identity theft because, although there was evidence that he possessed the personal identification of others, there was no evidence that he did so with the intent to deceive or defraud. In *Martin*, the defendant possessed a single identification card of another person. 243 Or App

at 530. He said he had found it in a wallet, but he would not provide further information about the circumstances— nor was he required to. *Id*. at 533. We concluded that that evidence was not sufficient for a factfinder to conclude that the defendant intended to use the card to deceive or defraud. *Id*. at 534. "[M]ere possession of [another person's identification] card is not by itself probative of an intent to use the card to deceive or defraud." *Id*.

Citing *Hodges*, the state responds that the evidence was sufficient because defendant possessed multiple identification documents from one person, identification of two different people, and that the particular types of identification possessed are ones that are commonly known to be useful for committing identity theft. In addition, the state points to testimony from the officer who arrested defendant that, in his training and experience, people keep and use others' cards "to assist *** in some type of theft." Finally, defendant's explanation that he got the identification items from the trash could support an inference that he removed and retained the cards from the trash because he viewed them as having value.

In *Hodges*, the defendant possessed numerous personal identification documents belonging to multiple people. 269 Or App at 570-71. The documents that the identity theft charges related to had been reported stolen, and the owner testified that the defendant did not have permission to possess them. In addition, an officer with training in identity theft testified "that there is a market for Social Security cards and birth certificates, which may be used to create false financial accounts or for other fraudulent purposes." *Id.* at 571.

Defendant also asserts that the number on the Social Security card was not legible because it had been struck through with black marker. However, having examined the relevant exhibit, we conclude that a factfinder could find that the number was legible through the marker. Similarly, defendant also asserts that the exhibit shows that the driver's license has a hole punched in it and is expired. Nevertheless, a factfinder could find that it is personal identification of a kind that is useful for committing identity

theft. We note that the license, although expired, still contains multiple pieces of information that the legislature has specifically defined as constituting "personal information." It contains the person's full name, address, driver's license number and type of license, the person's photograph, and date of birth. *See* ORS 165.800(4)(b) (defining "personal identification" to include a written document that provides information concerning, among other things, a person's name and address, a person's driving privileges, a person's photograph, and a person's date of birth).

We conclude that the evidence is sufficient here. The evidence of defendant's intent is less than that in *Hodges*, but it is more than in *Martin*, and it is enough for the denial of an MJOA. Possession of more than one person's identification, more than one piece of identification from one person, and the types of identification possessed—a Social Security card with a legible number, a state-issued identification card, and a driver's license—as well as the other circumstances noted above, are enough to allow a factfinder to infer the intent to deceive or defraud. The trial court, therefore, correctly denied the motions for judgment of acquittal on Counts 4 and 5.

Affirmed.